# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PAGAN, an individual, | **18 CV 8539** |
| Plaintiff, | |
| v. | Civil Action No. |
| JOCKEY INTERNATIONAL, INC., WALMART, INC, TARGET CORPORATION, COSTCO WHOLESALE CORPORATION, and TJX INCENTIVES SALES, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Daniel Pagan, alleges his complaint against Defendants, Jockey International, Inc., Walmart, Inc., Target Corporation, Costco Wholesale Corporation, and TJX Incentives Sales as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, LYFE® in conjunction with clothing, including but not limited to t-shirts, tank tops and other related clothing goods. Despite Plaintiff being the senior user and owner of the trademark LYFE® and offering various clothing items merchandise under the LYFE® brand, the Defendants have infringed Plaintiff's rights in the aforementioned mark by manufacturing, producing, promoting, selling, and offering for sale clothing t-shirts and tank tops under Plaintiff's trademark. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation,

sponsorship and connection between all of the Defendants named in this action and Plaintiff by using Plaintiff's trademark in connection with the sale and offering of t-shirts under the almost identical mark **LIFE™**.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

3. This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district. All of the Defendants are also registered with the New York State Division of Corporations.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff maintains a residence and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district. Defendants also advertise, market and sell goods in this district via the internet or directly at their retail stores.

## THE PARTIES

5. Plaintiff, Daniel Pagan is an individual with an address at 199 Avenue A, New York, NY 10009.

6. Upon information and belief, Defendant Jockey International, Inc. is a Wisconsin corporation with a principal place of business at 2300 60TH Street, Kenosha, Wisconsin 53140.

2

7. Upon information and belief, Defendant Walmart Inc. is a Delaware corporation with a principal place of business at 708 SW 8th Street, Bentonville, Arkansas 72716.

8. Upon information and belief, Defendant Target Corporation is a New York corporation with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

9. Upon information and belief, Defendant Costco Wholesale Corporation is a Washington corporation with a principal place of business at 99 Lake Drive, Issaquah, Washington 98027.

10. Upon information and belief Defendant TJX Incentives Sales, Inc. is a Virginia corporation with a principal place of business at 770 Cochituate Rd, Framingham, Massachusetts 01701.

## FACTS

11. Plaintiff Daniel Pagan, amongst other things, is a fashion designer and promoter of apparel who has managed and operated a retail clothing store that sells and offers for sale clothing items under the mark **LYFE®**.

12. Since at least as early as 2012, Plaintiff Daniel Pagan has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LYFE®** brand name.

13. Since at least as early as 2013, Plaintiff has been independently operating a clothing business under the trade name **LYFE CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LYFE®** and **LIVE YOUNG FREE EVERYDAY™**.

14. Plaintiff uses the ®, symbol on product packaging materials, hang tags, and on promotional materials he uses in connection with the offering of his clothing items to put the

3

public on constructive notice that Plaintiff is claiming trademark rights in the **LYFE®** brand name.

15. Plaintiff sells, and promotes the sale of his clothing at retail clothing stores, pop-up shops and at sneaker expo and trade shows.

16. Plaintiff advertises his **LYFE®** brand and clothing items at events and through his social media platforms including but not limited to Instagram.

17. Plaintiff's **LYFE®** clothing products enjoys a superlative reputation in the apparel industry.

18. Plaintiff is the registered owner of United States Trademark Registration No. 4,595,742 for the mark **LYFE®**. (See Exhibit A).

19. Plaintiff is the owner of United States Trademark Serial Application No.'s 85/770,354 and 85/775,472 both for the mark **L.Y.F.E.™**. (See Exhibit B).

20. Plaintiff has built and acquired significant rights, including but not limited to common law rights in the **LYFE®** mark in connection with clothing and merchandise based on Plaintiff's long standing and continuous use of the marks in commerce in connection with the promotion, sale and offering of clothing items under the aforementioned mark.

21. Upon information and belief, Defendant Jockey International, Inc. is a major retailer of underwear, intimates and undergarments, which it sells online and at various clothing stores worldwide.

22. Defendant Jockey International, Inc. is manufacturing, marketing, promoting, selling and offering for sale, apparel including t-shirts and tank tops under the mark **LIFE™**, which violates Plaintiff's trademark rights in the his mark **LYFE®**. The aforementioned use in

4

commerce by Defendant Jockey International, Inc. violates Plaintiff's exclusive use rights in connection with clothing.

23. Plaintiff is a senior user of the **LYFE®** mark in connection with clothing including t-shirts and tank tops and has priority rights in the aforementioned mark by virtue of "first use" "in commerce."

24. Upon information and belief, Defendant Jockey International, Inc. had knowledge of Plaintiff's ownership rights in the **LYFE®** mark prior to it using the **LIFE™** mark in connection with the sale and offering of t-shirts and tank tops.

25. Defendant Jockey International Inc.'s use of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of t-shirts and tank top clothing products under the **LYFE®** mark.

26. Defendant Walmart, Inc., operates retail chain stores worldwide that sell t-shirts, and tank tank tops from its various retail store locations and from its e-commerce clothing business at www.walmart.com.

27. Upon information and belief, Defendant Walmart is marketing, promoting, selling and offering for sale t-shirts and other clothing items under the mark **LIFE™** from its website www.walmart.com and at its retail store locations that violate Plaintiff's trademark rights in his **LYFE®** mark.

28. Upon information and belief, Defendant Walmart had knowledge of Plaintiff's ownership rights in the **LYFE®** mark. It has acted in bad faith in selling t-shirts under a mark that infringes Plaintiff's trademark in an attempt to palm of the good will and reputation Plaintiff has built in the **LYFE®** mark.

29. Defendant Walmart's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LYFE®** mark.

30. Defendant Target Corporation, is a major retail store chain that operates and manages various stores worldwide and also operates an online retail store www.target.com.

31. Upon information and belief, Defendant Target Corporation is marketing, promoting, selling and offering for sale t-shirts and tank tops under the mark LIFE™ that violates and infringes Plaintiff's **LYFE®** mark from its retail store locations and from the website www.target.com.

32. Upon information and belief, Defendant Target Corporation had knowledge of Plaintiff's ownership rights in the **LYFE®** mark and it has acted in bad faith in selling t-shirts under a mark that is confusingly similar to Plaintiff's trademark in an attempt to palm of the good will and reputation Plaintiff has built in the **LYFE®** brand.

33. Defendant Target Corporation's use in commerce of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LYFE®** mark.

34. Defendant Costco Wholesale Corporation is a major retail store chain that is marketing, promoting, selling and offering for sale via its website www.costco.com, and via its retail store locations worldwide clothing items including t-shirts under the mark LIFE™ that infringes Plaintiff's **LYFE®** trademark.

35. Defendant Costco's continued use in commerce of Plaintiff's **LYFE®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

36. Defendant Costco's use in commerce of Plaintiff's **LYFE®** mark has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LYFE®** mark owned by Plaintiff.

37. Defendant Costco's use of Plaintiff's trademark is not considered a fair use as Costco is using the mark for commercial business purposes and for a profit.

38. Upon information and belief, Defendant Costco's infringement of Plaintiff's trademark is willful as Costco is aware of the infringing content it is continuing to display, sell and offer for sale from its retail stores and www.costco.com website.

39. Defendant TJX Incentive Sales, Inc., is a major retail chain that operates various retail locations worldwide that sell clothing.

40. Upon information and belief, Defendant TJX Incentive Sales, Inc. is marketing, promoting, selling and offering for sale t-shirts and other clothing items under the mark LIFE™ that violate and infringe Plaintiff's **LYFE®** marks from its retail store locations worldwide.

41. Upon information and belief, Defendant TJX Incentive Sales, had knowledge of Plaintiff's ownership rights in the **LYFE®** mark and it has acted in bad faith in selling t-shirts and other clothing items under a confusingly similar variation of Plaintiff's LYFE® trademark in an attempt to palm of the good will and reputation Plaintiff has built in the **LYFE®** brand.

42. Defendant TJX Incentive Sales Inc.'s use in commerce of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LYFE®** mark.

43. Defendant TJX Incentive Sales Inc's use of Plaintiff's trademark is not considered a fair use as TJX Incentive Sales, Inc. is using the mark for commercial business purposes and for a profit.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint.

45. The use in commerce by Defendants of an almost identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **LIFE®** mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

46. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

47. Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LYFE®** mark.

48. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

49. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

50. By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint.

52. Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

53. Defendants unauthorized use of Plaintiff's **LYFE®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

54. By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the **LYFE®** mark and Defendants have become unjustly enriched by such acts of infringement.

55. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights in the name.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

56. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 55 of this Complaint.

57. Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LYFE®** mark.

58. Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LYFE®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LYFE®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LYFE®** mark.

2. That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3. That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the **LYFE®** mark, and any colorable imitation thereof, in whole or part.

4. That Plaintiff be awarded punitive damages against all Defendants.

5. That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LIFE™** mark.

6. That Plaintiff be awarded statutory damages in the amount of $500,000.00 for Defendants acts of willful infringement of Plaintiff's trademarks.

7. That Defendant Jockey International, Inc.'s pending trademark applications for the mark **LIFE**™ be assigned to Plaintiff.

8. That Plaintiff be awarded the cost and disbursements of this action.

9. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 19, 2018  
New York, New York

Respectfully submitted,  
Daniel Pagan – Pro Se

Daniel Pagan  
Pro Se Plaintiff  
199 Avenue A  
New York, New York 10009  
(718) 873-5564

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,595,742**
**Registered Sep. 2, 2014**
**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

PAGAN, DANIEL (UNITED STATES INDIVIDUAL)
#3
105 RALPH AVE
BROOKLYN, NY 11221

FOR: HATS; JEANS; SHORTS; SOCKS; SWEATERS; SWEATSHIRTS; T-SHIRTS; UNDERWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-1-2013; IN COMMERCE 5-1-2013.

THE MARK CONSISTS OF THE STYLIZED LETTERS "LYFE" COMBINED TO CREATE A ONE FIGURE LOGO.

SER. NO. 86-062,388, FILED 9-12-2013.

EDWARD FENNESSY, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT B**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 19 05:23:07 EDT 2018*

Logout | Please logout when you are done to release system resources allocated for you.

**Record 4 out of 4**

( Use the "Back" button of the Internet Browser to return to TESS)

# L.Y.F.E

| | |
|---|---|
| **Word Mark** | L.Y.F.E |
| **Goods and Services** | IC 025. US 022 039. G & S: Hats; Jeans; Shirts; Socks; Sweaters; Sweatpants; Sweatshirts; Underwear |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85770354 |
| **Filing Date** | November 2, 2012 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 29, 2017 |
| **Owner** | (APPLICANT) Pagan, Daniel J INDIVIDUAL UNITED STATES 71 Sands St Staten Isand NEW YORK 10304 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 19 05:23:07 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[ Logout ] Please logout when you are done to release system resources allocated for you.

[ Start ] List At: [ ] OR [ Jump ] to record: [ ] **Record 3 out of 4**

[ TSDR ] [ ASSIGN Status ] [ TTAB Status ] *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | L.Y.F.E |
| **Goods and Services** | IC 025. US 022 039. G & S: Hats; Jeans; shirts; socks; sweat pants; sweat shirts; sweaters; underwear |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.03.08 - More than one leaf, including scattered leaves, bunches of leaves not attached to branches<br>05.03.25 - Leaf, single; Other leaves<br>26.01.18 - Circles, three or more concentric; Concentric circles, three or more; Three or more concentric circles<br>26.01.26 - Coils; Spirals; Swirls<br>27.01.03 - Letters forming plants; Numbers forming plants; Plants composed of letters or numerals; Punctuation forming plants |
| **Serial Number** | 85775472 |
| **Filing Date** | November 9, 2012 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 4, 2017 |
| **Owner** | (APPLICANT) **Pagan, Daniel** INDIVIDUAL UNITED STATES 71 Sands Street Staten Isand NEW YORK 10304 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the stylized term "L.Y.F.E." with little leaves hanging off the edges of the letters and a design comprising three spirals in the center of three concentric circles with points emanating out from the edge of the circles. |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY